UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANTON PURISIMA,

       Plaintiff,

  -v-                                            No.  12 Civ. 3912 (LTS)(FM)

VICTORIA'S TRANSPORTATION CO.,
INC., et al.,

       Defendants.

-------------------------------------------------------x

ORDER

On February 22, 2013, Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") recommending that the September 5, 2013, Second Amended Complaint of pro se plaintiff Anton Purisima ("Plaintiff" or "Purisima") be dismissed without prejudice.  Timely objections to the Report ("Objections") were received from Plaintiff, as was a response from Defendants ("Defendants' Response").  Familiarity with the Report is presumed.

Plaintiff brings this action against Victoria's Transportation Co., Inc., Golden Express, the People's Republic of China, and various John Does, alleging, inter alia, that Defendants violated his rights under Title II of the Civil Rights Act, by failing to honor a ten dollar bus ticket discount.  He seeks 998 decillion dollars in damages.  Plaintiff's listed address is 390 Ninth Avenue, New York, NY 10001, which is the General Delivery Window ("GDW") of the James A. Farley United States Post Office.  On October 1, 2012, Judge Maas issued an order directing Plaintiff to check the GDW for mailings from the Court at least once per week throughout the pendency of this suit.  On January 15, 2013, Judge Maas issued an order directing the parties to appear for a pretrial conference on February 21, 2013.  A copy of this order was

mailed to Plaintiff at the GDW address.  Despite the order requiring him to check his mail, Plaintiff failed to appear at the February 21, 2013, conference before Judge Maas.  Defendants' counsel, who was present at the conference, further advised Judge Maas that Plaintiff had not been responsive to Defendants' written communications.  Given these circumstances, Judge Maas recommended that Plaintiff's complaint be dismissed without prejudice for want of prosecution.

Plaintiff objects to the dismissal recommendation, alleging that he did not receive Defendants' answer, that he has trouble getting his mail from the post office, and that he had an unpleasant encounter with courthouse personnel when he deposited a filing after-hours.  He also requests the appointment of an attorney and an order requiring the U.S. Marshals Service to effect service abroad on the People's Republic of China.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C.A. § 636(b)(1)(c) (West 2006).  The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error.  See Camardo v. General Motors HourlyRate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y.1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific

basis for not adopting report and recommendation).  Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument.  <u>Carnardo</u>, 806 F. Supp. at 381-82.

None of the matters in Plaintiff's objection is specifically responsive to the Report.  The fact remains that, despite the use by the Court and Defendants of the GDW address specified by Plaintiff and the Court's direction that Plaintiff check for his mail there regularly, Plaintiff failed to appear for a court conference, is not responsive to Defendants' counsel, and did not return proper paperwork to the U.S. Marshals Service.  Judge Maas' recommendation of dismissal without prejudice for failure to prosecute is well warranted under these circumstances and is, upon de novo review by this Court, adopted.

The Complaint in this action is hereby dismissed without prejudice.  Plaintiff's request for appointment of counsel, service orders and action in connection with his courthouse encounter are denied.  The Clerk of Court is requested to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, accordingly, any application to proceed on appeal in forma pauperis is denied.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
       April 2, 2013

                                                            /S/
                                                   LAURA TAYLOR SWAIN
                                                   United States District Judge